**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                          :

LANDMARK FINANCIAL              :
CORPORATION,                                :
                                                          :
              Plaintiff,            :         Civil Action No. 09-3689 (JAP)
     v.                                  :
                                                     :         **OPINION**
FRESENIUS MEDICAL CARE      :
HOLDINGS, INC. d/b/a FRESENIUS  :
MEDICAL CARE NORTH AMERICA, :
                                                     :
            Defendant.          :
_____:

PISANO, District Judge:

    Presently before the Court is defendant Fresenius Medical Care Holdings d/b/a Fresenius Medical Care North America's ("Fresenius") motion to transfer plaintiff Landmark Financial Corporation's complaint to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C.§ 1404(a). For the reasons stated below, the defendant's motion to transfer is granted.

I.  Background[1]

This action arises out of the alleged breach of a contract between Landmark and Fresenius. Landmark is a New Jersey corporation in the business of providing corporate financial and consulting serves to companies in the healthcare industry. Compl. at¶1, 5. Fresenius is a New York corporation with a principal place of business located in Waltham, Massachusetts providing dialysis to patients with end-stage renal failure. *Id.* at

---

[1] The Court accepts the factual allegations contained in Plaintiff's complaint as true for purposes of this motion only.

¶2, 7. Fresenius operates approximately 1,500 dialysis centers in the United States. *Id.* at ¶10.

In August 2005, Landmark and Fresenius began negotiating a contract through which Landmark would assist Fresenius in gaining control of a manufacturer of intravenous iron for use in its dialysis centers. *Id.* at ¶12. Landmark representatives traveled to Fresenius headquarters in November 2005, to attend a presentation on the Renal Drug Initiative being undertaken by Fresenius. *Id.* ¶13. After the presentation, Landmark and Fresenius continued to discuss a retainer agreement. *Id.* On January 24, 2006, Fresenius sent a letter to Landmark memorializing Fresenius' retention of Landmark as "a non-exclusive finder and advisor to provide general advisory and consulting services in connection with locating and evaluating prospective candidates for [Fresenius] to contract with for manufacture" of an intravenous iron product or to acquire a company that manufactures an intravenous iron product (the "Letter Agreement"). *Id.* The Letter Agreement stated that it was to be construed in accordance with Massachusetts law. *Id.* at ¶16. Pursuant to the terms of the Letter Agreement, Fresenius agreed to pay Landmark an initial non-refundable fee of $50,000 and an additional "Transaction Fee" to be paid upon the completion and closing of a "Transaction," as defined in the agreement. *Id.* at ¶17. The initial term of the parties' agreement expired on July 31, 2006, however, Landmark and Fresenius extended the Letter Agreement through July 31, 2008. *Id.* at ¶20.

Landmark presented Fresenius with a number of candidates after entering into the Letter Agreement. *Id.* at ¶23. In June 2006, Landmark identified Luitpold Pharmaceuticals, Inc. ("Luitpold") as a possible candidate. *Id.* at ¶25. In July 2006,

Fresenius gave Landmark permission to contact Luitpold on its behalf. *Id.* On July 5, 2006, Landmark contacted Luitpold. *Id.* at ¶29. Landmark then spent the next several months developing information on Luitpold for Fresenius. *Id.* In October 2006, with the assistance of Landmark, Fresenius and Luitpold entered into a confidentiality agreement. *Id.* at ¶30.

On or about November 14, 2006, a meeting took place between Landmark, Fresenius and Luitpold at Luitpold's Shirley, New York offices. *Id.* at 32; Blomquist Affidavit at ¶¶24-25; Van Zandt Affidavit at ¶5. Landmark's efforts to consummate an agreement between Fresenius and Luitpold continued into August 2007. Compl. at ¶35. In July 2008, without the participation of Landmark, Fresenius and Luitpold entered into a licensing agreement through which Fresenius gained the exclusive right to market and distribute two intravenous iron products in the United States for a period of ten years, with the option of extending the agreement for two additional five year terms. *Id.* at ¶¶36, 38. Fresenius and Luitpold's licensing agreement became final on September 16, 2008. *Id.* at 41.

On June 4, 2009, Landmark filed a four count complaint against Fresenius in the Superior Court of New Jersey, Chancery Division, Somerset County, Docket Number C-12044-9, entitled *Landmark Financial Corporation v. Fresenius Medical Care Holdings, Inc.*, alleging breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and violation of the Massachusetts Regulation of Business Practice and Consumer Protection Act, M.G.L.A. 93A, *et seq*. ("Chapter 93A"). Docket Entry No. 1. On July 24, 2009, Fresenius removed this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§1332, 1441, and

1446. *Id.* On August 31, 2009, Fresenius filed the instant motion to transfer this matter to the United States District Court for the District of Massachusetts. Docket Entry No. 12.

II. Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] 28 U.S.C.§1404(a). The decision to transfer a case pursuant to 28 U.S.C.§1404(a) is an exercise of the Court's discretion. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The burden of establishing that a transfer is proper lies with the movant. *Id.* at 879. Further, Plaintiff's choice of venue should not be disturbed lightly; therefore, the movant must show "that its alternative forum is not only adequate, but more convenient than the present forum." *Hudson United Bank v. Chase Manhattan Bank of Conn., NA*, 832 F.Supp. 881, 888 (D.N.J. 1993) (citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43-44 (3d Cir.1988)).

"There is no definitive formula or list of the factors to consider" when deciding a motion to transfer. *Jumara*, *supra*, 55 F.3d at 879. However, the statute itself identifies three factors for a court to consider when deciding a motion to transfer: 1) "the convenience of the parties," 2) "the convenience of the witnesses," and 3) "the interests of justice." *Hudson United Bank*, *supra*, 832 F.Supp. at 887-88 (citing *Sandvik, Inc. v. Continental Ins. Co.,* 724 F.Supp. 303, 306 (D.N.J.1989); *Derry Finance N.V. v. Christiana Cos.,* 555 F.Supp. 1043, 1045 (D.Del.1983)). In addition to the factors set forth in 28 U.S.C.§1404(a), courts consider a variety of private and public interests when

---

[2] The parties do not dispute that venue is proper in the United States District Court for the District of Massachusetts.

deciding whether a transfer is appropriate in a given case. *Jumara*, *supra*, 55 F.3d at 879. The private interests include 1) the plaintiff's preferred forum as expressed by the original forum choice, 2) the defendant's preference, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience and availability of witnesses, and 6) the location of books and records. *Id.* The public interests include 1) enforceability of the Court's judgment, 2) "practical considerations that could make the trial easy, expeditious, or inexpensive," 3) the level of congestion in the respective forums, 4) "the local interest in deciding local controversies at home," 5) the public policies of the forum, and 6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id* at 879-80.

    A.    The Private Interests

A plaintiff's choice of forum is normally accorded great weight when deciding a motion to transfer. *See Jumara*, *supra*, 55 F.3d at 879; *Hudson United Bank*, *supra*, 832 F.Supp. at 888. However, the degree of deference afforded the plaintiff's forum choice is reduced when the misconduct alleged occurred outside of the plaintiff's chosen forum. *See Yang v. Odom*, 409 F.Supp.2d 599, 606 (D.N.J. 2006) (affording less deference to the plaintiff's choice of forum because the operative facts giving rise to the claim occurred elsewhere). Here, the operative facts giving rise to Plaintiff's claim appear to have occurred in the Commonwealth of Massachusetts and in the State of New York. Complaint at ¶36, 56-65; Blomquist Affidavit at ¶24-25; Van Zandt Affidavit at ¶5. Specifically, Plaintiff alleges that Defendant, a company with its principal place of business in Massachusetts, entered into a licensing agreement with Luitpold, a Shirley, New York based pharmaceutical company, in violation of the parties' agreement.

Complaint at ¶¶35-36; Blomquist Affidavit at ¶¶24-25.  Further, a defendant is not liable under Chapter 93A, unless the "alleged misconduct occurred primarily and substantially" in Massachusetts.  *See Yankee Candle Co., Inc. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 47 (1st Cir. 2005).  By making a claim for relief pursuant to Chapter 93A, Plaintiff acknowledges that Defendant's alleged misconduct took place in Massachusetts and not in New Jersey.  Therefore, the deference due to Plaintiff's choice of forum is reduced.  *Yang*, *supra*, 409 F.Supp.2d at 606.

The other private factors weigh in favor of transfer.  As discussed above, the misconduct giving rise to Plaintiff's claims occurred "primarily and substantially" in Massachusetts.  Given that the alleged misconduct occurred primarily in Massachusetts, it follows that evidence of the misconduct would also be located in Massachusetts.  Therefore, the Court finds that Massachusetts is a more convenient forum for the production of witnesses, as well as, documents related to Defendant's alleged misconduct.

    B.    The Public Interests

The Court does not believe that Plaintiff would have any difficulty enforcing a judgment rendered in the District of New Jersey, and makes no findings regarding the relative congestion of the respective courts, however, the remaining public factors weigh in favor of transfer.  While this Court is fully capable of applying Massachusetts law, in diversity actions governed by state law, courts have held that it is more advantageous to try a case in the federal court most familiar with the governing law.  *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964)); *S.O.S. Salson Inc. v. Acad. Corp.*, 2009 WL 3110952, *6 (D.N.J. September

23, 2009); *Galonsky v. Adamar of New Jersey, Inc.*, 2007 WL 2234569, *2 (E.D.Pa. August 1, 2007); *Wojtunik v. Kealy*, 2003 WL 22006240, *11 (E.D.Pa. August 26, 2003); *Medical Systems, Inc. v. DeSoto Diagnostic Imaging, LLC*, 2002 WL 32107632, *6 (E.D.Pa. December 18, 2002). Therefore, the fact that the parties' agreement shall be construed according to Massachusetts law weighs in favor of transferring the matter to Massachusetts.

Further, allowing "a local court to construe its own law" is a factor weighing in favor of transfer. *Schmid Labs., Inc. v. Hartford Acc. And Indem. Co.*, 654 F.Supp. 734, 737 n. 11 (D.D.C. 1986) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947); *Montsanto Co. v. United Gas Pipeline Co.,* 360 F.Supp. 1054 (D.D.C.1973). *See also, Hall v. E.I. DuPont De Nemours & Co.,* 345 F.Supp. 353 (S.D.N.Y.1972)). Plaintiff has brought a cause of action under Chapter 93A, a Massachusetts statute. Chapter 93A imposes penalties for "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" as defined by regulations promulgated by the Massachusetts Attorney General's Office and the Federal Trade Commission, and would be better applied by a court sitting Massachusetts. M.G.L.A. 93A§2. On balance, this Court concludes that it is in the interest of justice to allow a Massachusetts court familiar with the law and public policy of the forum to apply Chapter 93A, a Massachusetts statute, to a controversy arising in Massachusetts.

III. Conclusion

Because the private and public interests discussed above weigh in favor of transfer to the District of Massachusetts, Defendant's motion to transfer is granted. An appropriate Order accompanies this opinion.

                                        /s/ JOEL A. PISANO
                                        United States District Judge

Dated: March 1, 2010