United States District Court
District of Massachusetts

```
_____ )
                                )
LANDMARK FINANCIAL CORPORATION, )
        Plaintiff,              )
                                )
        v.                      )   Civil No.
                                )   10-10372-NMG
FRESENIUS MEDICAL CARE HOLDINGS,)
INC.,                           )
        Defendant.              )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Landmark Financial Corporation ("Landmark") brings suit against defendant Fresenius Medical Care Holdings, Inc. ("Fresenius") for breach of a letter agreement ("the Letter Agreement") purportedly entitling Landmark to a finder's fee in connection with its introduction of Fresenius to Luitpold Pharmaceuticals, Inc., a company with which Fresenius subsequently entered into a sublicense, distribution, manufacturing and supply agreement.

Filed in March 2010, the Complaint asserts causes of action for 1) breach of contract (Count One), 2) unjust enrichment (Count Two), 3) breach of the implied covenant of good faith and fair dealing (Count Three) and 4) violation of section 11 of the Massachusetts Consumer Protection Act, codified at M.G.L. ch. 93A ("Chapter 93A") (Count Four). Defendant filed a timely Answer

-1-

and asserted a demand for a jury trial with respect to "all claims so triable."

In July 2011, the parties filed cross-motions for summary judgment. Magistrate Judge Marianne B. Bowler issued a Report and Recommendation ("R&R") recommending that plaintiff's motion for partial summary judgment be denied and that defendant's motion for summary judgment be allowed with respect to Counts Two and Four but denied with respect to Counts One and Three. Finding the R&R to be thorough and well-reasoned, this Court accepted and adopted it over the parties' objections.

A jury trial to adjudicate the breach of contract and implied covenant of good faith and fair dealing claims has been scheduled for June 25, 2012. Defendant has since moved to withdraw its earlier demand for a jury trial. That motion, which has been opposed by the plaintiff, is currently pending before the Court.

I.  **Issues Presented**

Defendant's motion presents three issues: A) whether Paragraph 4 of the Letter Agreement ("the jury waiver provision") is otherwise valid and enforceable, B) whether the Federal Rules of Civil Procedure prevent the defendant from withdrawing its jury demand without the plaintiff's consent and C) whether equitable considerations prevent the defendant from enforcing the jury waiver provision. To assess those issues, the Court reviews

the language of the jury waiver provision, canvasses the relevant provisions of the Federal Rules of Civil Procedure and considers how equitable principles bear upon this novel situation.

### A. **The Jury Waiver Provision**

Paragraph 4 of the Letter Agreement reads, in pertinent part:

> [Fresenius] and [Landmark] agree to waive trial by jury in any action, proceeding, or counterclaim brought by or on behalf of either party against the other on any matter whatsoever related to or arising out of any Transaction, Arrangement, acquisition, proxy solicitation, or other actual or proposed acquisition or restructuring transaction or the engagement of or performance by [Landmark] hereunder.

Unsurprisingly, the parties' dispute is not over the language of the provision, which unambiguously provides for waiver of the parties' respective rights to a jury trial on matters arising out of the contract. Rather, it is about whether the provision is binding in light of the Extension Agreement signed two years later which extended the term of the Letter Agreement but did not, itself, contain a similar jury waiver provision.

Of the three issues, this is the most readily resolved. Paragraph 4 of the Extension Agreement provides that the Letter Agreement "shall remain in full force and effect" with the lone exception of "inconsistent" terms and conditions set forth in the Extension Agreement. Because the jury waiver provision is not inconsistent with the Extension Agreement, which contains no contrary provision, it remains in effect. Neither party disputes that the Letter Agreement and the Extension Agreement were

-3-

entered into knowingly and voluntarily, nor is there any doubt that the language of the jury waiver provision covers the claims asserted. Accordingly, the jury waiver provision, considered in isolation, is otherwise valid and enforceable.

### B. **Preserving the Right to Trial by Jury**

The constitutional right to a jury trial, which extends to "[s]uits at common law," is guaranteed by the Seventh Amendment to the United States Constitution. A litigant may also have a statutory right to a jury trial if an applicable federal statute so provides.

Federal Rules of Civil Procedure 38 and 39 set forth the procedure a litigant must follow to preserve its pre-existing right to a jury trial. Rule 38(b) provides that, "on any issue triable of right by a jury," a party must file a jury demand in a pleading or within 14 days after the last pleading directed to the issue is served. A litigant waives its right to a jury trial unless it files a demand pursuant to Rule 38 or reasonably relies on the properly filed jury demand of another party. Fed. R. Civ. P. 38(d); In re N-500L Cases, 691 F.2d 15, 22 (1st Cir. 1982) (recognizing reliance exception). Once filed, a jury demand may not be withdrawn unless all parties consent. Fed. R. Civ. P. 38(d). If a jury trial is demanded and not withdrawn, the trial must proceed by jury unless the Court finds that "there is no right to a jury trial." Fed. R. Civ. P. 39(a).

-4-

As plaintiff sees it, defendant's withdrawal of its earlier jury demand is barred by Fed. R. Civ. P. 38(b), which states that a demand may be withdrawn "only if the parties consent." Because plaintiff does not consent, it would seem to follow that defendant may not withdraw its jury demand. Plaintiff fails to acknowledge, however, that Rules 38 and 39 do not themselves confer the right to a jury trial but rather set forth the procedure a litigant must follow in order to preserve that right. Where a litigant has no right to a jury trial or, as here, waived that right at some earlier time, a defendant's disregard of the federal rules does not create that right out of thin air. See Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 966-68 (7th Cir. 2004); Quinn Construction, Inc. v. Skanska USA Building, Inc., No. 07-406, 2010 WL 4909587, at *2-4 (E.D. Penn. Nov. 30, 2010).

Some courts suspend their analysis at this stage, having concluded that the plaintiff's right to a jury trial, initially waived by contract, was not subsequently revived by the defendant's subsequent jury demand. E.g., Kramer, 355 F.3d 961. This Court, however, proceeds to consider one final matter.

### C. **Equitable Principles**

Equitable resolution of the present dispute may be achieved by reference to the related doctrines of waiver, forfeiture and estoppel. In a general sense, "waiver" denotes the intentional relinquishment of a right, "forfeiture" is a term used to describe

an unexplained failure to make a timely assertion of a right and "estoppel" is designed to remedy the detrimental reliance of one party upon the representations of another party. United States v. Walker, 665 F.3d 212, 227 (1st Cir. 2011); Motzkin v. Trustees of Boston Univ., 938 F. Supp. 983, 999 (D. Mass. 1996).

This Court is unaware of any case in which a party has been found to have waived or forfeited, or has been estopped from enforcing, its jury waiver by filing a jury demand. On the other hand, research uncovers a mere handful of circumstances in which a party with an enforceable jury waiver has filed a jury demand only to withdraw it shortly before trial. The absence of precedent, therefore, speaks more to a dearth of similar circumstances than to the propriety of such a rule.

Nevertheless, in an analogous situation, the First Circuit has held that an arbitration clause, which also operates to waive a jury trial, can itself be forfeited if a party either delays invoking it or takes actions inconsistent with its invocation and thereby prejudices the opposing party. Rankin v. Allstate Ins. Co., 336 F.3d 8, 12-14 (1st Cir. 2003); Jones Motor Co., Inc. v. Chauffeurs, Teamsters & Helpers Local Union No. 633 of N.H., 671 F.2d 38, 41-44 (1st Cir. 1992). The First Circuit reasoned that such a rule would avoid the needless deployment of resources in preparation for trial and would prevent a party who "sens[es] an adverse court decision" from changing course and getting "a

second chance in another forum." Jones Motor, 671 F.2d at 43.

The same considerations bear upon the present dispute. It would undermine the Federal Rules of Civil Procedure to allow a party to renege on its jury demand shortly before trial if and when it perceives that it may be better off with a bench trial. As the First Circuit explained in Rankin, "there is prejudice inherent in wasted trial preparation," especially "after many months of delay and only six weeks before a long-scheduled trial." 336 F.3d at 14. It follows a fortiorari that Landmark's wasted trial preparation during the extended delay in this case is sufficiently prejudicial to warrant a finding that Fresenius is estopped from enforcing the jury waiver provision.

### ORDER

In accordance with the foregoing, defendant's motion to withdraw jury demand (Docket No. 77) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated May 11, 2012